# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ZACHARY HARMON and**                                                      **PLAINTIFFS**
**STACIA HARMON**

**v.**                           **Case No. 4:20-cv-1167-LPR**

**MACK VINCENT SELF and**
**BO HOLLOWAY TRUCKING, INC.**                              **DEFENDANTS**

## ORDER

Before the Court is Plaintiffs' Motion to Remand to State Court.[1] The Court GRANTS the Motion to Remand. Under 28 U.S.C. § 1446(b)(3), with an exception that is not relevant now,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

For purposes of § 1446(b)(3), the case stated by the initial pleading was not removable. That's because the state court complaint[2] did not identify the state of which Defendant Mack Vincent Self was a citizen at the time of filing. It said he was a resident of Arkansas.[3] But citizenship is determined by domicile, not residence.[4] In short, it was unclear at the time the state court complaint was filed whether there was complete diversity.[5]

---

[1] Pls.' Mot. to Remand (Doc. 6).

[2] Pls.' Compl. (Doc. 2).

[3] *Id.* at 1.

[4] *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017) ("For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms."); *id.* at 1084 ("For purposes of jurisdiction, '[d]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.").

[5] Even assuming that the Court could equate residency with citizenship, the outcome of the remand motion would be the same. There would not have been complete diversity at the outset of this case. And, as explained below, nothing changed in a way that gave rise to complete diversity.

Defendant Bo Holloway Trucking thus understandably relies on § 1446(b)(3) to say that the removal petition was timely because it was filed within 30 days after the Plaintiffs' Motion for an Extension of Service Time.[6] The problem for Bo Holloway Trucking is that the Motion for an Extension of Service Time did not make clear where Mr. Self was domiciled.[7] It didn't even make clear where Mr. Self resided. It noted several possible residences, including ones in Arkansas.[8] In short, the information in the Extension Motion did not mean that the case was removable from the start or that it had become removable by virtue of the information in the Extension Motion. The bottom line is that it is not clear that this Court has diversity jurisdiction now, and it is certainly not clear that this Court would have had diversity jurisdiction when this case was filed. So the case must be remanded. If and when it becomes clear that the case was or has become removable, Bo Holloway Trucking can remove so long as it does so in conformity with § 1446(b)(3), § 1446(c), and applicable caselaw.

For the foregoing reasons, the Court GRANTS the Motion to Remand.[9] The Clerk of the Court is directed to immediately transfer this case back to the Circuit Court of Saline County, Arkansas. The Clerk is then directed to close this case.

IT IS SO ORDERED this 14th day of December 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[6] Def.'s Notice of Removal (Doc. 1) at 1-2.

[7] Ex. (Pls.' Mot. for Extension of Time to Serve Process) to Def.'s Notice of Removal (Doc. 1) at 40.

[8] *Id.* at 40-41.

[9] Pls.' Mot. to Remand (Doc. 6).